IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KEVIN MILLEN,              ) | |
|    Plaintiff,            ) | |
| )                               | |
| v.                              ) | No. 2:21-cv-02480-SHL-tmp |
| )                               | |
| BREWER'S BODY SHOP, et al.,     ) | |
|    Defendants.          ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT**

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation, (ECF No. 12), filed August 5, 2021, recommending that the Court dismiss Plaintiff's Pro Se Complaint, (ECF No. 1). Plaintiff filed Pro Se Objections on August 10, 2021. (ECF No. 13.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff objected to the Chief Magistrate Judge's Report and Recommendation. (ECF No. 13.) In his Objections, Plaintiff acknowledges that a "§ 1983 plaintiff may not sue purely private parties." (ECF No. 13 at PageID 64.) Nevertheless, he argues that he has the right to sue under § 1983 because his constitutional and statutory rights were violated. (ECF No. 13.) Plaintiff does not explain how Defendants, an auto shop and its employee, both private actors,

violated his constitutional rights, nor does he allege how they were acting "under color of state law." See 42 U.S.C. § 1983.  (ECF No. 13.)  Generally, a plaintiff may only bring a § 1983 claim against a government entity or its employee.  Auto shops and their employees are not government entities.  Considering de novo whether private actors not acting under color of state law can be sued under § 1983, the Court finds that they cannot.

The Court has reviewed the rest of the Report for clear error and finds none.  Therefore, the Court **ADOPTS** the Chief Magistrate Judge's Report and **DISMISSES** the Complaint with prejudice.

**IT IS SO ORDERED,** this 12th day of August, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE